```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IGNACE E. GODONOU, et al.     :      CIVIL ACTION
                              :
            v.                :
                              :
RONDO, INC. et al.            :      NO. 12-2113
```

MEMORANDUM

McLaughlin, J.                                          May 31, 2012

      The plaintiffs move to remand this case to state court on the ground that the pleadings fail to provide the information necessary to establish diversity jurisdiction.  In response, defendant Rondo Inc. moves to amend the notice of removal to cure the defective jurisdictional allegations.  The Court denies the plaintiffs' motion and grants the defendant's motion.

      Plaintiff Ignace Godonou alleges that he suffered injuries when the guillotine of a Rondo Doge bread production line machine pinned his hand and wrist while he was working at the LeBus Bakery in King of Prussia, Pennsylvania.  He alleges that the Rondo Doge machine was defective, and that defendant Erika Record, LLC sold, supplied, or distributed the machine to his employer.  The plaintiffs are residents of Pennsylvania, and do not dispute that they are citizens of Pennsylvania.  Defendant Rondo, Inc. is a New Jersey corporation with a principal place of business in New Jersey.

In their motion to remand, the plaintiffs argue that the pleadings insufficiently establish diversity of citizenship because the notice of removal does not set forth the citizenship of defendant Erika Record, LLC.  The citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members for the purposes of diversity jurisdiction.  Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

In response to the plaintiffs' motion to remand, defendant Rondo, Inc. filed a motion to amend the notice of removal.  The defendant attached an affidavit setting forth the identity and citizenship of the members of Erika Record, LLC.  The affidavit states that the two members of Erika Record, LLC reside in and are citizens of New Jersey and Germany.

Pursuant to 28 U.S.C. § 1653, defective allegations of jurisdiction may be amended.[1]  The United States Court of Appeals for the Third Circuit has stated that "[s]ection 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."  USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (F.3d 2003).  Because the defendant seeks to remedy only inadequate

---

[1] A notice of removal may be amended for any reason without leave of court within the 30 day period for removal.  28 U.S.C. § 1446(b).  Because the 30 day period for removal expired however, the defendant may amend the notice of removal only with the Court's leave.

jurisdictional allegations made in the notice of removal, the Court grants leave for the defendant to amend its notice of removal pursuant to 28 U.S.C. § 1653.

    An appropriate order follows separately.